FILED

06/30/2026

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. JOHN ERNEST REDIKER

**Circuit Court for Hickman County
No. 24-5061CR**

_____

**No. M2026-00874-CCA-R9-CD**

_____

## ORDER

This matter is before the Court upon application of the Defendant, John Ernest Rediker, for permission to pursue an interlocutory appeal.  Tenn. R. App. P. 9.  The State has filed a response in opposition.  The Defendant seeks review of the trial court's order denying his request for special jury instructions in this case.  Upon full consideration, the application is denied for the reasons stated below.

**Rule of Appellate Procedure 9**

Rule 9 outlines the procedure for obtaining interlocutory appellate review of a trial court order.  Both the trial and appellate courts must approve the appeal.  To that end, a party must first file a motion in the trial court requesting the appeal within thirty days of the order being appealed.  Tenn. R. App. P. 9(b).  If the trial court determines the interlocutory appeal shall be allowed to proceed, the party must then file an application for permission to appeal in this Court within ten days of the trial court's order granting the appeal.  Tenn. R. App. P. 9(c).  The application must be accompanied by copies of the trial court order from which appellate review is being sought, the trial court's statement of reasons for granting the appeal, and the other parts of the record necessary for consideration of the application.  Tenn. R. App. P. 9(d).  Thus, and because there is generally no record already on file when a party seeks a Rule 9 appeal, it is that party's responsibility to provide this Court with an *ad hoc* record of the proceeding below.  The Defendant's application is timely and sufficient for this Court's review.

This Court's review of an application for an interlocutory appeal must begin with the supreme court's caution: "[I]nterlocutory appeals to review pretrial orders or rulings, i.e., those entered before a final judgment, are 'disfavored,' *particularly in criminal cases*."

*State v. Gilley*, 173 S.W.3d 1, 5 (Tenn. 2005) (emphasis added). Again, Rule 9 requires permission from both the trial court and this Court to pursue an interlocutory appeal. Tenn. R. App. P. 9(a). To that end, Rule 9(a) sets forth the "character of reasons" the courts should consider when ruling on a request for an interlocutory appeal. "[W]hile neither controlling nor fully measuring the courts' discretion," an interlocutory appeal may be granted if both the trial and appellate court determine:

> (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment.

Tenn. R. App. P. 9(a).

Rule 9(b) requires a trial court to "specify: (1) the legal criteria making the order appealable, as provided in subdivision (a) of this rule; (2) the factors leading the trial court to the opinion those criteria are satisfied; and (3) any other factors leading the trial court to exercise its discretion in favor of permitting an appeal." Tenn. R. App. P. 9(b). The rule also requires a trial court to also "state in writing the specific issue or issues the court is certifying for appeal and the reasons for its opinion." *Id.*

## Background

The Defendant is charged with one count of premeditated first degree murder. The Defendant requested that the trial court give two special instructions to the jury related to the lesser included offenses of second degree murder and voluntary manslaughter and the order in which the jury must proceed. The trial court denied that request and, instead, stated it will instruct the jury in accordance with the Tennessee Pattern Jury Instructions: T.P.I.-Crim. 7.05(a) ("Second degree murder"), 7.06 ("Voluntary manslaughter") and 41.01 ("Deliberation: Order of consideration").

The Defendant then sought permission to pursue this interlocutory appeal which the trial court granted over the State's objection. In its order, the trial court certified the following two issues for review:

2

Whether the Defendant has a right to a jury instruction requiring the State to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented, pursuant to the holding in *Mullaney v. Wilbur*, 421 U.S. 684, at 704 (1975), as a matter of due process and his right to a fair trial and to present a defense; and

Whether Defendant has a right to jury instructions allowing the jury to consider guilt on the charge of Voluntary Manslaughter before, or contemporaneously with, Defendant's guilt on the charge of Second Degree Murder, as a matter of due process and his right to a fair trial and to present a defense.

The trial court opined all three factors enumerated in Rule 9(a) warrant immediate appellate review. It concluded that review on direct appeal after trial would be ineffective, that a remand for a new trial following successful a direct appeal would result in another trial and that there is a need for clarity on the issues presented.

## Discussion

The Defendant is essentially asking this Court to grant this interlocutory appeal in order to change the law on the pattern jury instructions on second degree murder, voluntary manslaughter and the order in which the jury must consider proof on those charges, all of which have been found by the appellate courts in this state to be constitutionally sound. As the State responds, that request "undermines any assertion that this case is appropriate for an interlocutory appeal." This Court agrees with the State.

None of the reasons warranting an interlocutory appeal are present here. It is apparent the order of the trial court is merely a step towards final disposition of this case on the merits and the rights of the Defendant will not be lost if review of the issue is delayed until the entry of a final judgment. If the Defendant is acquitted, the question is moot. If convicted, he may appeal as of right to this Court pursuant to Rule of Appellate Procedure 3. Indeed, issues regarding jury instructions are commonly raised on direct appeal. *See State v. Black*, No. E2022-01741-CCA-R3-CD, 2024 WL 2320284 (Tenn. Crim. App. May 22, 2024), *perm. app. denied* (Tenn. Nov. 14, 2024).

Nor will granting an interlocutory appeal in this case result in a net reduction of litigation. If this Court affirms the trial court's ruling, prosecution of the case will only be delayed even longer. The trial court stated it will instruct the jury as proposed by the pattern jury instructions. The Defendant has not adequately established how that decision is erroneous, however. To that end, neither the Defendant nor the trial court highlighted any

3

inconsistent rulings from the courts of this state on the issues presented in the application. To support his position, the Appellant relies upon dicta in this Court's opinion in *State v. Donaldson*, No. E2020-01561-CCA-R3-CD, 2022 WL 1183466 (Tenn. Crim. App. Apr. 21, 2022), *perm. app. denied* (Tenn. Nov. 16, 2022) and Justice Sotomayor's dissent to the denial of the petition for writ of certiorari in *Black v. Tennessee*, 145 S.Ct. 2622 (2025). Neither are controlling here, however. As this Court held in *Black*, the language in the pattern jury instructions at issue here have consistently been approved by the appellate courts of this state. Thus, there is no need to develop a uniform body of law as contemplated by Rule 9. Again, the Appellant may seek review of the issue in a subsequent direct appeal, if necessary.

## Conclusion

Upon review, and for the reasons stated above, the Court hereby denies the Defendant's application for permission to appeal.


Holloway, Easter, Ayers, JJ.

4